UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
_____

No. 15-2393
_____

PHYLLIS E. NORRIS, *Administratrix of the Estate of Chester Cecil Norris*,

    Plaintiff/Appellant,

v.

EXCEL INDUSTRIES, INC.,

    Defendant/Appellee.

### EXCEL INDUSTRIES, INC.'S MOTION FOR LEAVE TO FILE AN ATTACHMENT TO ITS OPENING BRIEF

Defendant/Appellee Excel Industries, Inc. ("Excel"), by counsel and pursuant to Fourth Circuit Local Rule 28(b), moves this Court for leave to file the attached document with its Opening Brief, which has been filed contemporaneously herewith. In support of its Motion, Excel states the following:

1. On November 9, 2015, Plaintiff/Appellant, Phyllis E. Norris ("plaintiff") filed a Notice of Appeal.

2. On January 7, 2016, the Joint Appendix was filed with the Court [Dkt. 15].

1

3. Pursuant to Rule 30(b)(1), Norris and Excel came to an agreement on the contents of the Joint Appendix, which contains over 3,900 pages of exhibits. In accordance with Rule 30(a)(1), Excel included only those portions of the pleadings and docket entries that were "relevant" to the arguments anticipated to be raised by plaintiff.

4. On January 7, 2016, plaintiff filed her opening brief with this Court. [Dkt. 14]. In addition to the arguments raised below, plaintiff raised a new and unexpected argument that was not made in the District Court. Specifically, plaintiff characterizes her expert, Dr. Dale Griffin, as her "failure to warn expert." (Opening Br. at 38.)

5. Arguments "raised for the first time on appeal 'are generally not considered absent exceptional circumstances.'" *Wheatley v. Wicomico County*, 390 F.3d 328, 334-35 (4th Cir. 2004) (quoting *Williams v. Prof'l Transp. Inc.*, 294 F.3d 607, 614 (4th Cir. 2002)); *see also United States v. Slade*, 980 F.2d 27, 30 (1st Cir. 1992) ("It is a bedrock rule that when a party has not presented an argument to the district court, she may not unveil it in the court of appeals"). Likewise, the Court of Appeals "does not consider evidence that was not before the district court." *Wright v. Southwest Airlines*, 319 Fed. Appx. 232, 234 n. 2 (4th Cir. 2009).

6. This Court should confine plaintiff to the arguments she made below. However, to effectively counter plaintiff's new argument that Dr. Griffin is a "warnings expert," Excel wishes to rely on and direct the Court's attention to two additional pages of Dr. Griffin's deposition testimony. This document was not included in the Joint Appendix or part of the record below. As such, Excel seeks to attach this document for the Court's review.

8. In the interest of the judicial economy and the resources of this Court and the parties, good cause requires that the Court accept this document. Excel has advised plaintiff of its intention to file this motion. Plaintiff has advised Excel that it will oppose this motion.

WHEREFORE, Excel respectfully request that the Court grant this Motion and provide Excel leave to file the attached document with its Opening Brief.

Respectfully submitted,

**EXCEL INDUSTRIES, INC.**

/s/ C. Dewayne Lonas
C. DEWAYNE LONAS
VSB No. 44298
MATTHEW J. HUNDLEY
VSB No. 76865
*Attorneys for Excel Industries, Inc.*
MORAN REEVES & CONN PC
100 Shockoe Slip, 4th Floor
Richmond, Virginia 23219
Telephone: (804) 421-6250
Fax: (804) 421-6251
dlonas@mrcpclaw.com
mhundley@mrcpclaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of February, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following counsel of record:

>John Gehlhausen
>JOHN GEHLHAUSEN, P.C.
>22488 E. Polk Drive
>Aurora, Colorado 80016
>Telephone: (303) 690-8197
>Fax: (303) 690-8198
>jgehlhausen@tractorlaw.com
>
>David M. Kopstein
>KOPSTEIN & ASSOCIATES, LLC
>9831 Greenbelt Road, Suite 205
>Seabrook, Maryland 20706
>dkopstein@cox.net
>
>
>*Counsel for Appellant*
>
>>/s/ C. Dewayne Lonas
>>C. DEWAYNE LONAS
>>VSB No. 44298
>>MATTHEW J. HUNDLEY
>>VSB No. 76865
>>*Attorneys for Excel Industries, Inc.*
>>MORAN REEVES & CONN PC
>>100 Shockoe Slip, 4th Floor
>>Richmond, Virginia 23219
>>Telephone: (804) 421-6250
>>Fax: (804) 421-6251
>>dlonas@mrcpclaw.com
>>mhundley@mrcpclaw.com
>>
>>*Counsel for Appellee*

RECORD NO. 15-2393

In The

# United States Court Of Appeals
## For The Fourth Circuit

**PHYLLIS E. NORRIS**, Administratrix of the Estate of Chester Cecil Norris,

*Plaintiff – Appellant,*

v.

**EXCEL INDUSTRIES, INC.**,

*Defendant – Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
AT HARRISONBURG

———————

**ATTACHMENT TO BRIEF OF APPELLEE**

———————

C. DEWAYNE LONAS
MATTHEW J. HUNDLEY
MORAN REEVES & CONN PC
100 Shockoe Slip, 4th Floor
Richmond, Virginia 23219
(804) 421-6250

*Counsel for Appellee*

GibsonMoore Appellate Services, LLC
206 East Cary Street ♦ P.O. Box 1460 (23218) ♦ Richmond, VA 23219
804-249-7770 ♦ www.gibsonmoore.net

# TABLE OF CONTENTS

**Page**

Excerpt of Transcript of Dale W. Griffin
    taken April 6, 2015 ................................................................................1

```
                                                              1
 1         IN THE UNITED STATES DISTRICT COURT
 2         FOR THE WESTERN DISTRICT OF VIRGINIA
 3               HARRISONBURG DIVISION.
 4   ------------------------------x
 5   PHYLLIS E. NORRIS,            )
 6   Administratrix of the estate  )
 7   of CHESTER CECIL NORRIS,      )
 8              Plaintiff,         )
 9              v.                 )   Civil Action No.
10   EXCEL INDUSTRIES, INC.,       )   5:14-cv-00029
11              Defendant.         )
12                                 )
13   ------------------------------x
14
15
16          DEPOSITION OF DALE W. GRIFFIN
17          Vancouver, British Columbia, Canada
18               Monday, April 6, 2015
19                    10:58 a.m.
20   Job no:  77624
21   Pages:  1 - 184
22   Reported by:  Nicole Kennedy, RCR
```

1       of it, is referring to the -- as Mr. Updike
2       recalls the discussion in which the mention of
3       ROPS was as one of a set of possible options.
4       So there it wasn't in any sense a long or
5       involved or vivid. And then -- so that's
6       referring to that point of sale contact, and
7       then given that they didn't have a long
8       discussion, so his main information about ROPS
9       would come from the material itself.
10 Q   Okay. Now, since your assumption is there was
11      not a "vivid discussion" of rollover risk and
12      ROPS at the point of sale, and so the purchaser,
13      in this case Mr. Updike, was depending on these
14      written materials from Excel.
15 A   Well, that's what's left. My reading of the
16      actual interaction is that he didn't depend on
17      it. He read the manual to a certain amount, not
18      cover to cover, but it's not saying that -- it's
19      not saying that he engaged with the warning
20      materials. He had the potential to engage with
21      the warning materials.
22 Q   Do you have a criticism of the warning materials

1 themselves?
2 A Well, the warning materials themselves are -- as
3 in this case are possible to be bypassed so that
4 if you don't choose to read the detailed
5 page-by-page owner's manual, for example, then
6 they certainly won't apply to you. And there's
7 a variety of warning materials, and I think
8 Mr. Gehlhausen has told me that I'm not in here
9 as a warning expert, so don't talk too much
10 about warning material, so maybe that will help
11 guide us here. I'm not supposed to be talking
12 too much. But there's the manuals which are
13 very engineering focussed. They're not really
14 going to capture someone's attention and make
15 them think about risk, which is what they are.
16 There's some -- this was some
17 communications sent to the dealers at the time
18 of the ROPS retrofit, which are quite a bit
19 better because they do engage with the risks.
20 But, again, the problem was it didn't reach
21 Mr. Updike.
22 Q Or he didn't remember receiving that?